**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| WESTFIELD INSURANCE, *a/k/a* | ) | |
| WESTFIELD INSURANCE COMPANY, | ) | |
| *as subrogee of* THP ENTERTAINMENT, | ) | |
| INC., *t/d/b/a* RELIENT K, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. 3:10-cv-100 |
| v. | ) | JUDGE KIM R. GIBSON |
| | ) | |
| DETROIT DIESEL CORPORATION, | ) | |
| HONEYWELL INTERNATIONAL, INC., | ) | |
| HONEYWELL TRANSPORTATION | ) | |
| SYSTEMS, *and* HONEYWELL TURBO | ) | |
| TECHNOLOGIES, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER OF COURT

### I.   SYNOPSIS

This matter comes before the Court on the Motion for Reconsideration (Doc. No. 60) filed by Plaintiff Westfield Insurance ("Plaintiff"), which is opposed by Defendants Detroit Diesel Corporation, Honeywell International, Inc., Honeywell Transportation Systems, and Honeywell Turbo Technologies (collectively, "Defendants"). For the reasons that follow, the Court will **DENY** the motion.

### II.   JURISDICTION AND VENUE

The Court has jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441. Venue is proper under 28 U.S.C. § 1391(b)(2).

## III. BACKGROUND

This case stems from a tour bus fire that occurred while the band Relient K was traveling along the Pennsylvania Turnpike in the early hours of June 28, 2007. Relient K submitted claims for resultant property damage to Plaintiff insurer, who in turn filed suit in the Court of Common Pleas of Somerset County as the band's subrogee. In its complaint, Plaintiff alleged that a defective engine and/or related turbocharger caused the fire, seeking recovery from Defendants—the designers, manufacturers, and distributors of the engine and its components— under theories of strict products liability, negligence, and breach of warranty. (See Doc. No. 1-1). Defendants removed the case to this Court on April 13, 2010, and discovery was thereafter conducted. The facts of the case as established in the "Background" section of the Court's prior Memorandum and Order (Doc. No. 58) will be incorporated into this Memorandum by reference.

Procedurally, after the Court entered judgment in favor of Defendants on their Motion for Summary Judgment (Doc. No. 59), Plaintiff filed the instant motion seeking reconsideration of the Court's determination (Doc. No. 60). Plaintiff also filed a brief in support of the motion (Doc. No. 61) and exhibits in support of the motion (Doc. No. 62). Defendants responded by filing an opposition to Plaintiff's motion (Doc. No. 64) and brief in support of their opposition (Doc. No. 65).

## IV. LEGAL STANDARD

"The purpose of a motion for reconsideration is 'to correct manifest errors of law or fact or to present newly discovered evidence.'" *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (quoting *Max's Seafood Cafe v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1998)). As the Third Circuit has explained, a judgment may be altered or amended if the party seeking

2

reconsideration demonstrates at least one of the following grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." *Lazaridis*, 591 F.3d at 669 (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)); *Quinteros*, 176 F.3d at 677. Without demonstrating such grounds, however, it has been noted that "[m]ere 'dissatisfaction with [a court's] ruling is not a proper basis for reconsideration." *Holbrook v. Woodham*, Civ. A. No. 3:05-304, 2007 U.S. Dist. LEXIS 50966, *4 (W.D. Pa. 2007) (quoting *Velazquez v. UPMC Bedford Mem'l Hosp.*, 338 F. Supp. 2d 609, 611 (W.D. Pa. 2004)); see also *Lazaridis*, 591 F.3d at 669 (upholding a district court's denial of a motion for reconsideration because advancing "the same arguments that were in [the movant's] complaint and motions" was "not a proper basis for reconsideration").

## V.    DISCUSSION

Plaintiff asserts four arguments in its motion for reconsideration. It avers that its expert reports should not have been excluded and in turn met the legal threshold sufficient to deny summary judgment. Next, it contends that because the Court's prior memorandum included a statement referencing two alleged legally operative facts of Plaintiff's complaint, this was sufficient to deny Defendants' motion for summary judgment. Third, Plaintiff argues that the Court's requirement of filing a concise statement of material facts ("CSMF") with its response to Defendants' motion for summary judgment was met through the accompanying exhibits filed with its response. And finally, Plaintiff submits that because the case should have been mediated prior to a determination of summary judgment, the entry of judgment in Defendants' favor must be reconsidered. The Court will address each of these averments in turn.

3

## A. Legal Sufficiency of the Expert's Reports

This Court previously granted Defendant's motion for summary judgment because Plaintiff could not establish a *prima facie* case since the Court determined that the expert's reports were inadmissible on unreliability grounds due to a lack of identifiable methodology. (See Doc. No. 58 at 5-12). Plaintiff disagrees with this finding and argues in the instant motion that the reports contained sufficient methodological standards so as to be deemed admissible. (See Doc. No. 1 at 6-9). As alleged in Defendants' CSMF, the facts properly before the Court on their motion for summary judgment concerning the expert reports demonstrated that, despite the expert's assessment of the turbocharger, the failure to identify the methods by which he arrived at his conclusions made such expert opinion unreliable, and therefore inadmissible. The Court agreed with Defendants and determined the reports inadmissible.[1]

Despite this finding, Plaintiff asserts in its instant motion that the expert sufficiently "detailed his methodology" in each report. (Doc. No. 61). Plaintiff argues that the "methodology is evident in the analysis of the three successive reports," as indicated by the expert conducting three "examinations," with the "nature and extent of the final examination ... revealed by the detail of the findings ...." (*Id.* at 7). Plaintiff's contention is that because the expert conducted a phone interview with the vehicle operator and ultimately authored a final examination detailing his assessment of the turbocharger, this should have been deemed as sufficient identification of the expert's methodology or investigative process for arriving at his conclusions. Plaintiff's perception that this would pass for acceptable methodological standards

---

[1] The Court, as discussed below, also found that Plaintiff's failure to file a responsive CSMF was a secondary basis for granting Defendant's motion for summary judgment because the only facts before the court were those present in Defendant's CSMF, and those facts-taken alone—demonstrated that the reports were unreliable and inadmissible. (See Doc. No. 58 at 2, 12-14). Here, however, the Court will consider the legal sufficiency of the reports themselves (as it did in its prior memorandum) even if it accepted the Plaintiff's alleged facts as presented in its accompanying exhibits.

yielding reliable expert opinion is misplaced. Rather than engage in debating metatheory concerning proper methodological standards, the Court finds it sufficient to acknowledge that a phone interview and initial examination are not a sufficiently detailed methodology of coming to a final assessment of the cause of the fire.[2] (See Doc. No. 58 at 10-12). Even giving the Plaintiff's argument the benefit of the doubt, the expert reports in no way exhibit a sense of the type of questions asked in the interview, how long the interview lasted, and whether other such interviews conducted by the expert for other cases in the past resulted in accurate findings.[3]

Similarly, Plaintiff's averment that "[t]he nature and extent of the final examination is revealed by the detail of the findings on examination," would seem to mean that there is no need to spell out the expert's methodology because his conclusion speaks for itself. (Doc. No. 61 at 7). If anything, this appears to be a circular argument: the methodology used by the expert was reliable because the expressed details of the failed turbocharger and the subsequent conclusions reveal the reliability of the methodology employed, and therefore there is no need to discuss the

---

[2] Plaintiff would seem to believe that conducting an "examination" is a sufficient methodology by itself. This is not the case. The Court is looking for details as to what comprised the examination. In other words, was the examination a physical examination or was it based solely on what the phone interview revealed to the expert? And if the examination was physical, was it purely an observational examination, or did the expert utilize scientific tools and measurements in order to identify the specific failures of the turbocharger? And if such tools or specific methods were used, are these the normal types of tools and methods used in examinations of other turbochargers? Is this the common practice in the field? And what does peer-reviewed research say about these tools and methods? This is the type of information Plaintiff has failed to provide or even allude to in its arguments.

[3] As the prior memorandum indicates: "When evaluating the reliability of an expert's methodology, district courts should consider the following factors: (1) whether a method consists of a testable hypothesis; (2) whether the method has been subject to peer review; (3) the known or potential rate of error; (4) the existence and maintenance of standards controlling the technique's operation; (5) whether the method is generally accepted; (6) the relationship of the technique to methods which have been established to be reliable; (7) the qualifications of the expert witness testifying based on the methodology; and (8) the non-judicial uses to which the method has been put. *Murray*, 311 F. App'x at 523-24 (quoting *Elcock v. Kmart Corp.*, 233 F.3d 734, 745-46 (3d Cir. 2000)). This list of factors is "neither exhaustive nor applicable in every case." *Pineda*, 520 F.3d at 248 (quoting *Kannankeril v. Terminix Int'l*, 128 F.3d 802, 806-07 (3d Cir. 1997)). The Court re-cites this here because Plaintiff's instant motion fails to address these reliability factors concerning the expert's methodological standards, which indicates to the Court that Plaintiff must have either not read the prior memorandum or overlooked that section.

actual methods themselves. Plaintiff would have been better served if it could have presented new evidence indicating the cited reports contained details concerning the scientific methods of how the expert arrived at his findings. Such additional evidence is lacking in the instant motion.

The Court additionally finds unpersuasive Plaintiff's argument concerning the need for an *in limine* hearing to determine the reliability of the expert's reports. (See Doc. No. 61 at 7-9). Specifically, Plaintiff argues that the case before the Court is one where the record reveals little as to how the expert arrived at his conclusions.[4] (Id.). Again, giving Plaintiff the benefit of the doubt, the Court's consideration of this argument yields a determination that an *in limine* hearing was not warranted in this case. As the Third Circuit pointed out, it has "long stressed the importance of in limine hearings ... in making the reliability determination required under Rule 702;" however, this is the case only where "the ruling on admissibility turns on factual issues." *Padillas v. Stork-Gamco, Inc.*, 186 F.3d 412, 417, 418 (1999). Instructively, the Court later noted "*Padillas* certainly does not establish that a District Court must provide a plaintiff with an open-ended and never-ending opportunity to meet a *Daubert* challenge until plaintiff 'gets it right.'" *In re TMI Litigation*, 199 F.3d 158, 159 (3d Cir. 2000). As the Third Circuit found in *Oddi v. Ford Motor Co.*, 234 F.3d 136, that while the record in *Padilla* was "scant," the record in *Oddi* consisted of a preliminary report and amended report from the plaintiff's expert. *Id.* at 153. Since the evidentiary record had been well-established with regard to the plaintiff's expert, the *Oddi* court noted, there was no need for the District Court to conduct a hearing on the reliability of the expert testimony. *Id.*

Similar to the facts present in *Oddi*, Plaintiff here does not claim that it has any new or

---

[4] Interestingly, that Plaintiff also argues at points throughout its motion that the reports sufficiently contained the expert's methodology for how the expert arrived at his conclusion, and that this expressed methodology was reliable so as to withstand a determination of inadmissibility.

additional information. The factual record here is complete and Plaintiff does not offer any new evidence in the instant motion that could be added to the record such that there would be greater factual development of the expert's opinion. Plaintiff's argument for an *in limine* hearing falls well short of the jurisprudence of the Third Circuit, and for these reasons, Plaintiff's motion for reconsideration fails on this basis. Plaintiff is unable to present to the Court any change in law, new evidence, or make a persuasive argument that there was a clear error of law or that manifest justice would result. Plaintiff has attempted to bring forth the same argument before this Court on the motion for summary judgment. Indeed, Plaintiff has failed to acknowledge this District's instruction that "a motion for reconsideration is not a tool to re-litigate and reargue issues which have already been considered and disposed of by the court." *EEOC v. U.S Steel Corp.*, 2012 U.S. Dist. LEXIS 49147, *23-24 (W.D. Pa. Apr. 5, 2012) (citing *Dodge v. Susquehanna Univ.*, 796 F. Supp. 829, 830 (M.D. Pa. 1992)). For these reasons, the Court will not grant Plaintiff's motion to reconsider on these grounds.

### B. Concise Statement of Material Facts

Plaintiff next contends that the exhibit filings associated with its response to Defendants' motion for summary judgment should be accepted as its responsive CSMF and serve as the basis for finding that Plaintiff has sufficiently met its burden in making out a *prima facie* case. (See Doc. No. 61 at 9-10). As the Court previously noted, Plaintiff failed to follow the proper procedural requirements with regard to its filings by not filing a responsive CSMF. (See Doc. No. 58 at 2). This was a secondary basis for granting summary judgment. Despite this, as explained above, the Court's primary basis was premised on consideration of Plaintiff's alleged facts in its exhibit filings. And under that basis, the Court still found summary judgment proper.

In the instant motion, Plaintiff requests again that its exhibit filings be considered as the

responsive CSMF. In making this argument, Plaintiff assumes that had the exhibits served as its responsive CSMF, then this would have been sufficient to dispute Defendant's alleged facts regarding the reliability of the reports. The Court disagrees. To determine whether Plaintiff's instantly alleged facts were properly before the Court on the prior motion as a responsive CSMF, the Court refers to its discussion in the previous memorandum concerning the parties' compliance with the Court's Local Rules. (See Doc. No. 58 at 2). As the Court found, because Plaintiff "failed to file a responsive CSMF as required by Local Rule 56.C.1," it allowed, "the facts contained in Defendants' CSMF," to be, "deemed admitted for summary judgment purposes pursuant to Local Rule 56.E."[5] (Id.). On summary judgment, Defendant's facts concerning the expert's reports were deemed admitted. These facts were not disputed because Plaintiff did not file a responsive CSMF in accordance with the Local Rules.[6] Thus, Defendant's facts as presented were deemed admitted and led the Court to the conclusion that the expert's reports failed to set forth facts sufficient to establish identifiable methodologies used by the expert.[7] With Defendants' factual averments admitted, the Court found that the reports were unreliable and therefore excludable for summary judgment purposes. (See Doc. No. 58 at 10-

---

[5] Local Rule 56.E provides in pertinent part that "[a]lleged material facts set forth in the moving party's [CSMF] . . . which are claimed to be undisputed, will for the purpose of deciding the motion for summary judgment be deemed admitted unless specifically denied or otherwise controverted *by a separate [CSMF] of the opposing party*." LCvR 56.E (emphasis added); see also *Rozier v. United Metal Fabricators, Inc.*, No. 3:09-257, 2012 U.S. Dist. LEXIS 6200, *7 (W.D. Pa. Jan. 19, 2012) ("Courts in this district have strictly adhered to the summary judgment procedures set forth both by the Federal and Local Rules, and have consequently deemed inadequately controverted facts as admitted for purpose of summary judgment.") (collecting cases).

[6] Although the Court considered the factual allegations contained in Plaintiff's exhibit filings, which still did not meet the burden of offering a genuine dispute as to any material facts.

[7] In Defendants' CSMF, paragraphs 16 through 75 detail their alleged facts concerning the content of the expert's three reports that were attached as exhibits to the CSMF. (See Doc. No. 30 at 3-11, 51-60). As explained in the Court's memorandum, these facts allege that the expert neither detailed his methodology for arriving at the conclusion that the turbocharger caused the fire, nor proffered any basis for arriving at such a conclusion. Plaintiff's alleged facts neither dispute nor contribute additional factual content to these Defendants' alleged facts in its CSMF.

12). This rationale was a secondary basis for finding summary judgment in favor of Defendant. As the Court discussed in Sections V.A. and V.B. of the prior memorandum, the primary basis for granting summary judgment—which actually took into consideration Plaintiff's alleged facts from its exhibits—resulted in the same conclusion that the reports were inadmissible, and Plaintiff could not make out a *prima facie* case.[8]

Returning to the issue of whether the Court's prior determination that Defendant's facts as admitted in the absence of a responsive CSMF could serve a secondary basis for summary judgment, under the above standard for reconsideration, Plaintiff is required to demonstrate some change in law between the time of entry of judgment and now, some new evidence that has come to light, or a need to correct clear error of law or prevent manifest injustice. Rather than make an argument on one of these bases, Plaintiff argues that the Court "incorrectly describe[d] the Exhibits filed with the Court in Support of Plaintiff's response to Defendants' Motion for Summary Judgment," and these exhibits were sufficient to serve as Plaintiff's responsive CSMF. (Doc. No. 61 at 10). Specifically, Plaintiff alleges that the exhibits themselves "reveal" to the Court exactly which facts are material, and as such, filing a document "neither entitled nor exactly styled," as a CSMF should not defeat its factual allegations contained within its responsive filings. (Id.). Indeed, as Plaintiff points out, "the document itself was saved in counsel's office computer system as '2011.11.01 Concise Statement of Facts,'" and this alone should reveal to the Court that the Exhibits were sufficient to satisfy the CSMF requirement.

Plaintiff's position is unpersuasive in that the Court did not have access to counsel's

---

[8] Arriving at the same conclusion through an analysis of two different sets of filings was not based on the existence of a different set of alleged facts before the Court. Rather, the facts concerning the expert's reports were the same as those alleged by both the Plaintiff in its exhibits and the Defendants in its CSMF and supporting exhibits. Indeed, the Defendants factual allegations relied on the expert's reports as supplied by Plaintiff.

computer files; the Court must rely upon the parties' filings. The Court abides by the clearly set-out Local Rules for the Western District of Pennsylvania that are made available to the public such that equal access might ensure fairness of process to all parties; thus, it is incumbent that counsel take the time to read and understand the local practices and procedures.[9]

Plaintiff has failed to allege or provide any indication of a change in law, new evidence, clear error of law, or injustice necessary for the Court to reconsider its prior judgment on this basis. With this in mind, the Court maintains its previous finding that Plaintiff's failure to file a responsive CSMF to Defendants' CSMF, in effect, enabled the Court to find the facts alleged in Defendants' CSMF to be deemed admitted as a secondary basis for granting summary judgment. Local Rule 56.E.

## C. Court's Prior Characterization of Plaintiff's Cause of Action

Plaintiff contends that because the Court—in the prior memorandum—characterized an alternate finding in favor of summary judgment, this alone proves the existence of a genuine dispute as to a material fact that should have been sufficient to defeat summary judgment. More precisely, Plaintiff asserts that, "[t]he Court's acknowledgement that 'the turbocharger failed and caused the fire' is legally sufficient to have warranted the denial of summary judgment." (Doc. No. 61 at 4). Plaintiff's quotation of the Court's memorandum comes from a larger section of the Memorandum that reads:

> Even if Davison's reports were not excluded, the Court would still grant summary judgment for Defendants. As discussed *supra*, Plaintiff failed to file a responsive CSMF, thus: (1) all the purportedly undisputed facts listed in Defendants' CSMF

---

[9] Plaintiff also argues that the Pennsylvania Rules of Civil Procedure provide a persuasive basis to construe the rules liberally such that this Court should dismiss the procedural requirements of its own Local Rules. For reasons more than obvious, the Court finds that this is not a persuasive basis because the case is before Federal Court, where the Federal Rules of Civil Procedure, the District's Local Rules and the Court's Chamber Rules are the applicable procedural rules. These rules include the requirement of filing a CSMF. (See Doc. No. 58 at 2, n.1).

were deemed admitted; and (2) no other allegedly material facts were presented for the Court's consideration.[10] Viewing the facts properly before the Court in the light most favorable to the non-moving party, Plaintiff has at most demonstrated that the turbocharger failed and caused the fire. That finding alone is insufficient to make out a *prima facie* case for Plaintiff's breach of warranty, negligence, and products liability claims.

(Doc. No. 58 at 12-13). To make its argument, Plaintiff uses a clause removed from the context of the Court's larger analysis. Plaintiff would seem to argue that by using the seven words, "the turbocharger failed and caused the fire," the Court itself explicitly admits a factual issue in dispute. This reading of the Court's memorandum, however, is misguided. Reading the entirety of the paragraph from which the clause originates, and the section of the Court's discussion in which the paragraph is placed, the Court—at most—is reiterating the undisputed alleged facts as presented in Defendants' CSMF, to which Plaintiff did not properly file a responsive CSMF. In other words, looking to Defendants' CSMF, several of the alleged facts, when read in light of Defendants' motion for summary judgment, could reasonably lead the Court to paraphrase the notions that 1) the turbocharger failed, and 2) it caused the fire. In essence, *had* the Court determined that the expert reports were admissible, the most that could be garnered from them was that "a failed turbo charger," could have been "the cause for this fire." (Doc. No. 30 at ¶ 18).

Even further, Plaintiff's failure to make out a *prima facie* case is evidenced by its

---

[10] Throughout its brief, Plaintiff attempts to satisfy its burden of identifying genuine factual disputes by citing to—and reiterating the facts contained in—the complaint. (See Doc. No. 31). However, as Plaintiff also notes in its brief, citation to unsupported allegations contained in pleadings is insufficient to survive summary judgment. (See *id.* at 9-10) (citing *Schoch v. First Fidelity Bancorporation*, 912 F.2d 654 (3d Cir. 1990); *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871 (1990)). To be clear, resting on the allegations contained in the complaint is simply not enough to survive summary judgment. See *Saldana*, 260 F.3d at 232.

inability to identify a specific defect in the turbo charger, warnings, or instructions.[11]  (See Doc.

No. 30 at ¶¶ 19-75).  Thus, Plaintiff's best case scenario before the Court was exactly that which

the Court paraphrased: "that the turbocharger failed and caused the fire." (Doc. No. 58 at 13).

And this alone, even in the presence of the expert reports and the facts surrounding the reports as

alleged by Defendants' CSMF, would be insufficient to establish Plaintiff's alleged claims.[12]

Plaintiff's argument, in essence, is that because the Court in the alternative stated that Plaintiff

had demonstrated the existence of these two facts, then the Court should find that sufficient as to

the existence of a genuine dispute as to a material fact.  This mischaracterizes the Court's

wording.  Without filing a proper CSMF, Plaintiff essentially abdicated its ability to controvert

any facts presented in Defendants' CSMF.  At the most, the turbocharger failed and a fire

resulted, but without any other allegations of disputed facts there was no basis to find a genuine

dispute as to any material fact.  Moreover, even considering Plaintiff's exhibits as its CSMF, it

could still not make out a *prima facie* case. Thus, Plaintiff has again failed to carry its burden to

warrant reconsideration.  Because it has not shown any change in law, new evidence, clear error

of law, or manifest injustice, the Court cannot grant its motion on these grounds.

---

[11] The failure to properly allege and provide evidence of a product defect or existence of a warranty would still be a basis for failure to make out a *prima facie* case, even in the presence of Plaintiff's exhibits as its responsive CSMF.

[12] The purpose of the clause was to reiterate the idea that even if there had not been alternate grounds for summary judgment (*i.e.*, the exclusion of the expert's reports on inadmissibility grounds), Plaintiff's failure to file a responsive CSMF would still provide a basis for granting summary judgment because Defendants' CSMF itself contained facts that while undisputed, could not possibly be used by Plaintiff to potentially make out its *prima facie* case.  Even further, if Plaintiff *had* properly responded by disputing Defendants' alleged material facts, these facts alone would fall short of making out a *prima facie* case under theories of strict liability, negligence, or breach of warranty.  This is because—as the Court noted— Plaintiff failed to allege facts in a responsive CSMF that there was the existence of an express warranty, the relevant Statute of Limitations should not apply, or that the turbocharger was defective. (See Doc. No. 58 at 13-14).

**D. Mediation Prior to Summary Judgment**

Finally, Plaintiff contends that the "case should have been mediated prior to the Motion for Summary Judgment being decided ...." (Doc. No. 61 at 11). While not explicitly saying such, the placement of this argument in a separate section from Plaintiff's other three arguments for reconsideration would appear to signal that Plaintiff makes this argument as an independent basis for reconsideration. Even if this were the case, Plaintiff presents no legal authority as to why such an argument should prevail. Additionally, Plaintiff does not present any change of law, new evidence, or an argument as to correcting clear error of law on the basis of the need for mediation prior to determination of a motion for summary judgment. As such, reconsideration of the Court's judgment on these grounds fails and Plaintiff's motion is denied.

## VI.    CONCLUSION

Having considered Plaintiff's arguments present in its Motion for Reconsideration, the Court finds that Plaintiff has failed to carry its legal burden for showing a change in law, new evidence, or a clear error of law or manifest injustice in the Court's prior memorandum and order. Additionally, Plaintiff's proffered arguments as to why reconsideration should be made are neither factually nor legally supported, and because so the Court finds it appropriate to **DENY** Plaintiff's Motion for Reconsideration (Doc. No. 61). An appropriate Order follows.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

WESTFIELD INSURANCE, *a/k/a* )
WESTFIELD INSURANCE COMPANY, )
*as subrogee of* THP ENTERTAINMENT, )
INC., *t/d/b/a* RELIENT K, )
)
        Plaintiff, )
)   CIVIL ACTION NO. 3:10-cv-100
  v. )   JUDGE KIM R. GIBSON
)
DETROIT DIESEL CORPORATION, )
HONEYWELL INTERNATIONAL, INC., )
HONEYWELL TRANSPORTATION )
SYSTEMS, *and* HONEYWELL TURBO )
TECHNOLOGIES, )
)
        Defendants. )

## ORDER

**AND NOW**, this 18th day of January 2013, upon consideration of Plaintiff's Motion for

Reconsideration (Doc. No. 60), and in accordance with the Memorandum, **IT IS HEREBY**

**ORDERED** that the motion is **DENIED**.

BY THE COURT:

KIM R. GIBSON,
UNITED STATES DISTRICT JUDGE